IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANTOSHA MADISON,<br><br>      Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUVENILE JUSTICE, TINA BUFFORD, SHIRLEY LESLIE, and ANDREA RAPHAEL-OSUANYA,<br><br>      Defendants. | CIVIL ACTION FILE NO.<br><br>1:18-CV-00484-TWT-JFK |

## **FINAL REPORT AND RECOMMENDATION**

The above-styled employment discrimination case is before the court on a motion to dismiss filed by Defendant Department of Juvenile Justice ("DJJ") and individual Defendants Tina Bufford, Shirley Leslie and Andrea Raphael-Osuanya ("Individual Defendants"). [Doc. 18]. Plaintiff Santosha Madison, who is proceeding *pro se*, filed a form *pro se* employment discrimination complaint on February 1, 2018, alleging violations of 42 U.S.C. § 12101, *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"). [Doc. 3 ("Complt.")]. Defendants' motion for a Rule 12(b)(1) dismissal for lack of subject matter jurisdiction and 12(b)(6) dismissal for failure to state a claim upon which relief can be granted asserts that the court lacks subject matter jurisdiction over any ADA claims due to Eleventh Amendment immunity and that

Individual Defendants are not subject to liability under the ADA. [Doc. 18]. Although Plaintiff failed to file a timely response and her untimely response fails to address the specific arguments raised by Defendants [Doc. 18], the court will nonetheless address the merits of the motion to dismiss.

## I.     Plaintiff's Factual Allegations

Plaintiff alleges that Defendant DJJ and Individual Defendants violated the ADA by discriminating against her on the basis of her disability and retaliated against her for exercising her rights under the ADA. [Complt. ¶ 1]. Plaintiff further alleges that Defendants failed to accommodate her disability, arising out an on-the-job injury, and then terminated her employment in retaliation when she hired a lawyer to pursue her ADA rights. [Id. ¶¶ 12-14]. In particular, Plaintiff alleges that she was injured on the job when she slipped and hurt her back and neck. [Id. ¶ 14]. Plaintiff alleges that she was under a doctor's care and that he cleared her to return to light duty work but that she was informed by Defendant Bufford that there were no light duty jobs available. [Id.]. Plaintiff called Defendant but was not contacted and then was advised that she had resigned. [Id.]. Plaintiff disputes that there were no light duty jobs and that she resigned. [Id.]. Plaintiff seeks "30 millions" in monetary damages. [Id., Request for Relief].

Additional facts will be set forth as necessary during discussion of Defendants' motion to dismiss.

## II.  Discussion

### a.  Eleventh Amendment Immunity

Defendant DJJ and Individual Defendants, in their official capacities, assert that to the extent that Plaintiff is attempting to allege an ADA claim, as an arm of the state, they are immune from Plaintiff's claims. Fed. R. Civ. P. 12(b)(1) "provides the standard for dismissal based on Eleventh Amendment immunity." Cooner v. The Alabama State Bar, 2015 WL 5279870, at *1 (N.D. Ala. September 8, 2015). The court notes that an attack on subject matter jurisdiction can either be a "facial attack" or "factual attack." See Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999). "Facial attacks on a complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion . . . ." Id. (quoting Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)) (internal quotation marks omitted). Defendants' attack based on Eleventh Amendment immunity is a facial attack on subject matter jurisdiction. See Cooner, 2015 WL 5279870, at *1; Frederick v. Brown, 2015 WL 4756765, at *3 (S.D. Ga. August 10, 2015) (the "motions, as they

3

relate to immunity, are facial attacks on the Complaint because the Court's resolution of the immunity question does not depend on adjudicating the merits of the case").

The Eleventh Amendment bars suits against a state in federal court brought by its own citizens or by citizens of another state.[1]  See Kimel v. Florida Bd. of Regents, 120 S. Ct. 631 (2000); Hans v. Louisiana, 10 S. Ct. 504 (1890); DeKalb County Sch. Dist. v. Schrenko, 109 F.3d 680, 687 (11th Cir. 1997).  A state, however, may be subject to federal jurisdiction in instances where the state has waived its Eleventh Amendment immunity and where Congress has made it "'unmistakably clear'" that it intends to "'abrogate the States' constitutionally secured immunity from suit in federal court . . . .'"  Kimel, 120 S. Ct. at 640 (quoting Dellmuth v. Muth, 109 S. Ct. 2397, 2400 (1989)).  "Because the Eleventh Amendment represents a constitutional limitation on the federal judicial power established in Article III, . . . federal courts lack jurisdiction to entertain claims that are barred by the Eleventh Amendment." McClendon v. Georgia Dep't of Cmty. Health, 261 F.3d 1252, 1256 (11th Cir. 2001)

---

[1]The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  "Although by its terms the Amendment applies only to suits against a State by citizens of another State, [Supreme Court] cases have extended the Amendment's applicability to suits by citizens against their own States." Bd. of Trustees of Univ. of Alabama v. Garrett, 121 S. Ct. 955, 962 (2001).

AO 72A
(Rev.8/82)

(citations omitted).  However, "[u]nlike most subject matter jurisdiction issues, which cannot be waived by the parties and must be raised by a court on its own initiative, the Eleventh Amendment does not automatically deprive a court of original jurisdiction." Id. at 1257 (citing Wisconsin Dep't of Corrections v. Schacht, 118 S. Ct. 2047, 2052 (1998); Calderon v. Ashmus, 118 S. Ct. 1694, 1697 n.2 (1998)).  "Rather, the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so.  The State can waive the defense."  Schacht, 118 S. Ct. at 2052.  Defendants have not waived the defense in this case.

"It is also well-settled that Eleventh Amendment immunity bars suits brought in federal court . . . when an 'arm of the State' is sued."  Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 97 S. Ct. 568, 572 (1977)).  Defendant DJJ and Individual Defendants in their official capacities are arms of the State of Georgia.  See Willis v. Georgia Dep't of Juvenile Justice, 2007 WL 2782509, at **3-5 (M.D. Ga. September 21, 2007) (stating that "[t]he Georgia Code clearly establishes that the Department [of Juvenile Justice] is an arm of the State . . ." and applying Georgia statutory authority to find that the DJJ is entitled to immunity); Caldwell-Ray v. Georgia Dep't of Juvenile Justice, 2006 WL 8435811, at *2 (N.D. Ga. September 8, 2006) (finding, with respect to claims brought

5

pursuant to Age Discrimination in Employment Act, that the "Georgia Department of Juvenile Justice and the individual Defendants in their official capacities" are protected from suit by "sovereign immunity provided by the Eleventh Amendment to the United States Constitution"); and see Kicklighter v. McIntosh County Bd. of Comm'rs, 162 F. Supp. 3d 1363, 1377 (S.D. Ga. 2016) (finding that Eleventh Amendment immunity protected the defendant in her official capacity from liability for damages for the plaintiff's ADA claims); Skotnicki v. Bd. of Trustees of the Univ. of Alabama, 2014 WL 3891973, at *6 (N.D. Ala. August 8, 2014) ("official capacity [ADA] claims against these individual defendants are indistinguishable from her ADA claims against the Board of Trustees, rendering them redundant and duplicative"); Madison v. Allen, 2013 WL 5797626, at *4 (M.D. Ala. October 28, 2013) ("Official capacity lawsuits are 'in all respects other than name, . . . treated as a suit against the entity.'") (quoting Kentucky v. Graham, 105 S. Ct. 3099, 3105 (1985)).[2]

Plaintiff's disability discrimination and retaliation claims are brought pursuant to Title I of the ADA, 42 U.S.C. § 12112. Congress has not validly abrogated the

---

[2] "A state official may not be sued in his [or her] official capacity unless the state has waived its Eleventh Amendment immunity . . . or Congress has abrogated the state's immunity . . . ." Madison, 2013 WL 5797626, at *4 (citations and internal quotation marks omitted).

AO 72A
(Rev.8/82)

states' immunity for claims for monetary damages brought pursuant to Title I of the ADA.  See Garrett, 121 S. Ct. at 967-68; Rizo v. Alabama Dep't of Human Resources, 228 Fed. Appx. 832, 835 (11th Cir. 2007) ("Although Congress may abrogate the states' immunity in certain situations, it has not done so with regard to suits for monetary damages by private individuals pursuant to Title I of the ADA, which is the statute Rizo claims the State violated.").  Consequently, Defendant DJJ and Individual Defendants, in their official capacities, are entitled to Eleventh Amendment immunity against Plaintiff's claims for disability discrimination and retaliation brought pursuant to Title I of the ADA, 42 U.S.C. § 12112.

For these reasons, the court **RECOMMENDS** that Defendant DJJ's and Individual Defendants', in their official capacities, motion to dismiss the ADA claims asserted in the complaint be **GRANTED**.

### b.  Failure to State a Claim

On a motion to dismiss under Rule 12(b)(6), the complaint's factual allegations are assumed true and construed in the light most favorable to the plaintiff.  Hardy v. Regions Mortg., Inc., 449 F.3d 1357, 1359 (11th Cir. 2006); M.T.V. v. DeKalb County Sch. Dist., 446 F.3d 1153, 1156 (11th Cir. 2006).  "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not

prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). The Federal Rules of Civil Procedure include no requirement that a plaintiff detail the facts upon which the plaintiff bases a claim. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (as amended 2007).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted); accord Financial Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (recognizing that "while notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory") (citations and internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," i.e., they must do more than

8

merely create a "'suspicion [of] a legally cognizable right of action,' on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1965 (citations omitted) (emphasis omitted). "Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]'" Stephens, 500 F.3d at 1282 (quoting Twombly, 127 S. Ct. at 1966-67). A plaintiff's complaint will be dismissed if it does not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The court's inquiry at this stage of the proceedings focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted). And, a court reviewing a motion to dismiss must keep in mind that a "motion to dismiss for failure to state a claim upon which relief can be granted merely tests the sufficiency of the complaint; it does not decide the merits of the case." Wein v. American Huts, Inc., 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004) (citing Milburn v. United States, 734 F.2d 762, 765 (11th Cir.

9

1984)). "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." Bernard v. Calejo, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998) (citing Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) ("[T]he court may dismiss a complaint . . . when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.")); see also Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (same); Aque v. Home Depot U.S.A., Inc., 629 F. Supp. 2d 1336, 1350 (N.D. Ga. 2009).

The law establishes that "[a] document filed *pro se* is 'to be liberally construed' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" Erickson, 127 S. Ct. at 2200 (citations omitted). Nevertheless, nothing in that leniency excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D. D.C. 2007).

To the extent that Plaintiff brings her ADA discrimination and retaliation claims against Individual Defendants, in their individual capacities, Plaintiff fails to state

10


claims upon which relief can be granted. In Albra v. Advan, Inc., 490 F.3d 826 (11th Cir. 2007), the Eleventh Circuit Court of Appeals dismissed ADA discrimination claims brought against individual defendants because they "are not amenable to private suit for violating the anti-discrimination provision of Subchapter I of the ADA[,]" Id. at 830, and the court likewise found that individual defendants are not subject to suit under Subchapter I of the ADA for claims of retaliation, see id. at 833-34. And see Salser v. Clarke County Sch. Dist., 802 F. Supp. 2d 1339, 1353 (M.D. Ga. 2011) ("The Eleventh Circuit Court of Appeals has held that 'individual defendants are not amenable to private suit for violating the anti[-]discrimination provision of Subchapter I of the ADA'" and "has also held that "individuals are not amenable to private suit for violating the ADA's anti-retaliation provision . . . where the act or practice opposed by the plaintiff is made unlawful by the ADA provisions concerning employment . . .") (quoting Alba, 490 F.3d at 828, 830); McCauley v. State of Georgia, 2009 WL 10676272, *6 (N.D. Ga. December 17, 2009) (same), report and recommendation adopted by 2010 WL 11512219 (N.D. Ga. April 16, 2010).

For these reasons, the court **RECOMMENDS** that Individual Defendants' motion to dismiss Plaintiff's ADA discrimination and retaliation claims brought against them in their individual capacities be **GRANTED**.

AO 72A
(Rev.8/82)

### III. Conclusion

For the foregoing reasons and cited authority, the court **RECOMMENDS** that Defendants' motion [Doc. 18] to dismiss be **GRANTED** and that Plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

All pretrial matters have been concluded with the issuance of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), this Court's Local Rule 72.1, and Standing Order 18-01 (N.D. Ga. February 12, 2018). The Clerk, therefore, is **DIRECTED** to terminate the reference to the Magistrate Judge.

**SO RECOMMENDED**, this 13th day of August, 2018.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE